Per Curiam.

The basic question presented by this appeal is the weight to be given reports based on blood-grouping tests excluding paternity, which were received in evidence pursuant to the provisions of subdivision 1-a of section 67 of the New York City Criminal Courts Act. The statute permits the results of blood-grouping tests to be received in evidence “ only in cases where definite exclusion is established.”
Pursuant to orders of the court, two blood tests were made in this case by different doctors. Their tests definitely excluded defendant as the father of complainant’s child and they so reported. At the trial defendant’s counsel contended that such findings when received in evidence were conclusive and binding upon the trial court. The assistant corporation counsel, who represented the complainant at the trial, appears to have shared in that view. The court, however, ruled that the reports were mere expressions of medical opinion and entitled to no greater weight than is given to opinion testimony.
While we think that a blood test exclusion report is something more than an opinion, the weight that should be given to it depends upon the evidence adduced in its support. If, as appellant contends, it is a scientifically established and accepted fact that an exclusory finding is conclusive as to nonpaternity, it should be recognized and given effect. In such case the courts should accept the decisiveness of a nonpaternity finding properly arrived at as it would accept the demonstrable fact that a mixture of blue and yellow colors will produce varying shades of green, but never a red color.
Although the question has been before the courts many times with varying results, it appears that the only State in which the problem was presented to the highest court of the State is Maine, which has a statute similar to ours (Jordan v. Mace, 69 A. 2d 670). In that case the court held that biological laws were not to be ignored and that where exclusion of paternity was definitely established by blood-grouping tests, the finding of nonpaternity was binding upon the jury unless it found that the tests had not been properly made.
In the Jordan case (supra) the scientific issue was fully developed at the trial. That was not done here. As the corporation counsel observes in his brief on this appeal, all that the court had before it were filed unsworn reports reciting the blood tests and the supposed results; the court was afforded no grounds for judgment as to the methods adopted, the precautions taken to insure an accurate result, and the scientific basis for the indicated findings. If that is a challenge to the reliability *92 of the reports, it comes rather late because no such question was raised on the trial and the reports were introduced and received, apparently pursuant to the usual practice in these cases, without calling the doctors who made the tests. We suppose that practice rests on a presumption that the doctors who make these tests, appointed as they are by the court, and not engaged by a party, are so disinterested and their findings so scientific that their reports do not require the usual qualification for admission into evidence and are entitled to acceptance at face value. As the corporation counsel now suggests a possible infirmity in the doctors’ procedure or conclusions, and as the issue is of such importance both from the view point of this case and future practice, we think that the parties should be given another opportunity to adduce such evidence as they may be advised to submit to show the procedure followed, its accuracy, whether any margin of error may exist in the conduct or results of the tests and the conclusiveness or lack of conclusiveness of the findings.
The order appealed from should therefore be reversed, without costs, and a new trial ordered.
Shientag, J.